UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL GADDIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOWARD E. MOSELEY, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01680-DMR (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging constitutional violations stemming from an incident when he was being transported either to or from Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. *See* Dkt. 1 at 2-3. Plaintiff's application to proceed *in forma pauperis* will be granted in a separate Order.

In his complaint, plaintiff names the following defendants from SVSP both individually and in their official capacity: Director Howard E. Moseley; and Transportation Officers Ramirez and Cruz. *Id.* at 2. Plaintiff seeks injunctive relief as well as monetary and punitive damages. *Id.* at 3.

Venue is proper because certain events giving rise to the claims are alleged to have occurred while plaintiff was being transported either to or from SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

For the reasons explained below, the complaint is dismissed with leave to amend.

## II. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. ' 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III. LEGAL CLAIMS

#### A. Injunctive Relief

The threshold question presented is whether the court has jurisdiction to consider plaintiff's claims for injunctive relief, in light of his transfer from SVSP to HSDP. When an inmate has been transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). A claim that the inmate might be returned to the prison where the injury occurred is too speculative to overcome mootness. *Id.*

2

Here, plaintiff's transfer from SVSP to HSDP could render moot his claims for injunctive relief. Therefore, the court DISMISSES plaintiff's claim for injunctive relief, and he shall be granted leave to amend, provided he can do so in good faith.

### B.  Monetary Damages

Plaintiff alleges in the complaint that on an unknown date he was "injured with a broken leg." Dkt. 1 at 3. Plaintiff claims that he was "temporarily disabled which made him eligible for the safeguards imposed in the operational procedures as they apply to the transportation of inmates in wheelchairs." *Id.* However, defendants Moseley, Ramirez, and Cruz

> intentionally conspired with each other to deliberately cast aside plaintiff[']s safety, for which they had a duty to protect and uphold, by den[y]ing him a wheelchair accessible van to transport him (from) SVSP to the outside clinic and upon returning and trying to exit [the] van resulting in Plaintiff falling back and hitting his head [and] neck, and upper and lower back for which he still suffers from throughout his daily activities.

*Id.*

#### 1.  Official Capacity Claim

Plaintiff has sued the named defendants individually and in their official capacity seeking monetary relief. Dkt. 1 at 1-2. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here, plaintiff's claim against defendants in their official capacity for monetary damages is DISMISSED, and plaintiff shall be granted leave to amend, provided he can do so in good faith.

#### 2.  Eighth Amendment Claim

A prisoner may state a section 1983 claim under the Eighth Amendment based on unsafe conditions only where the officials acted with "deliberate indifference" to the threat of serious harm from physical conditions at the prison. *Frost v. Agnos*, 152 F.3d 1124, 1128-29 (9th Cir. 1998). Neither negligence nor gross negligence will constitute deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane

3

conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

Here, however, plaintiff has failed to allege even the most basic facts regarding the alleged incident, such as the date or exact location, i.e., he simply states "upon returning" but does not specify whether he was returning to SVSP or to the clinic. *See* Dkt. 1 at 3. Most importantly, he has failed to allege what each defendant did individually to contribute to the alleged deliberate indifference other than stating in a conclusory manner that they "intentionally conspired with each other to deliberately cast aside plaintiff[']s safety . . . by den[y]ing him a wheelchair accessible van to transport him . . . ." *See id.* To state a cognizable claim against individual defendants, plaintiff must "set forth specific facts as to each individual defendant's" role in depriving plaintiff of his protected rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability may be imposed only if plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. *See id.* Plaintiff will be given leave to amend the complaint to set forth additional facts regarding the alleged deliberate indifference, and to set forth specific facts showing that each individual defendant's actions proximately caused a violation of plaintiff's constitutional rights, provided he can do so in good faith.

In amending his complaint, plaintiff must pay close attention to the following: "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under section 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

4

In addition, supervisory defendants are not responsible simply because they are supervisors. There is no respondeat superior liability under section 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Furthermore, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-83 (2009).

## IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Plaintiff's complaint is DISMISSED with leave to amend in order to give him the opportunity to file an Amended Complaint which corrects the deficiencies of his claims of injunctive relief and monetary damages, as outlined above.

2. Within **twenty-eight (28) days** from the date of this Order, plaintiff shall file his Amended Complaint as set forth above. Plaintiff must use the attached civil rights form, write the case number for this action—Case No. C 22-cv-01680-DMR (PR)—on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form. Because the Amended Complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). He may not incorporate material from the original complaint by reference. If plaintiff wishes to attach any additional pages to the civil rights form, he shall maintain the same format as the form, i.e., answer only the questions asked in the "Exhaustion of Administrative Remedies" section without including a narrative explanation of each grievance filed. **Plaintiff's failure to file his Amended Complaint by the twenty-eight-day deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

informed of any change of address and must comply with the court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the court has been returned to the court as not deliverable, and (2) the court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

4. The Clerk of the Court shall send plaintiff a blank civil rights form along with a copy of this Order.

IT IS SO ORDERED.

Dated: August 25, 2022

_____
DONNA M. RYU
United States Magistrate Judge