1

2

3

4                           UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    DARRYL GADDIS,                              Case No.  22-cv-01680-JSC

8                      Plaintiff,

9            v.                                  ORDER OF PARTIAL DISMISSAL
                                                 AND OF SERVICE
10   HOWARD E. MOSELEY, et al.,

11                     Defendants.

12                                  INTRODUCTION

13          Plaintiff, a California prisoner proceeding without an attorney, filed this civil rights action

14   under 42 U.S.C. § 1983.  The amended complaint (ECF No. 11) names three officials at Salinas

15   Valley State Prison ("SVSP"), where Plaintiff was formerly located, as Defendants.  For the

16   reasons discussed below, the claims against Defendant Howard E. Moseley are dismissed, and the

17   amended complaint is ordered served on Defendants Officers Cruz and Ramirez based upon the

18   claims that are capable of being judicially heard and decided.

19                                 STANDARD OF REVIEW

20          Federal courts must engage in a preliminary screening of cases in which prisoners seek

21   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

22   1915A(a).  The Court must identify claims that are capable of being judicially heard and decided

23   or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious,

24   or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

25   defendant who is immune from such relief."  *Id.* § 1915A(b).  Pleadings filed by parties

26   unrepresented by an attorney must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901

27   F.2d 696, 699 (9th Cir. 1990).

28          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

United States District Court
Northern District of California

claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

When liberally construed, Plaintiff's allegations that he fell when getting out of a van that did not accommodate his wheelchair states claims that are capable of judicial determination against Defendants Officer Cruz and Officer Ramirez for violating his rights under the Eighth Amendment and the Americans with Disabilities Act.

Plaintiff also names as a Defendant Howard Moseley.  The only allegation against him is that he is the "Director" of SVSP.   Plaintiff does not allege any conduct by him or any involvement in the alleged violation of his rights.  The fact that Mosely was in charge of the prison is not, on its own, sufficient to make him legally liable for his subordinates' alleged violation of Plaintiff's rights.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under Section 1983).  Accordingly, the amended complaint is does not state a claim that is capable of judicial determination against Defendant Moseley. ////

## CONCLUSION

For the foregoing reasons,

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1.     The claims against Howard E. Mosely are DISMISSED.  The claims against Defendants Robertson and Silva are valid claims, when liberally construed.

2.     Defendants Transportation Officer Cruz and Transportation Officer Ramirez shall be served at Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody.  In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the Amended Complaint (ECF No. 18), this Order, a CDCR Report of E-Service Waiver form, and a summons.  The Clerk also shall serve a copy of this Order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the Defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each Defendant who has not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3.     To expedite the resolution of this case:

a.  No later than **June 1, 2023**, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall

United States District Court
Northern District of California

so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b.  At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **July 1, 2023**.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

d.  Defendants shall file a reply brief no later than **June 15, 2023**.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

4.  All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

6.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1      **IT IS SO ORDERED.**

2    Dated: February 28, 2023

3

4                              _____

5                              JACQUELINE SCOTT CORLEY
                                 United States District Judge

United States District Court
Northern District of California

### NOTICE -- WARNING (SUMMARY JUDGMENT)

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.